COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
| AMANDA BETH DARTER, | | No. 08-11-00022-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | County Criminal Court No. 8 |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | § | (TC # 1183105) |

**O P I N I O N**

Amanda Beth Darter appeals her conviction of driving while intoxicated, second offense. Appellant waived her right to a jury trial and entered a negotiated plea of guilty. The trial court found Appellant guilty and assessed her punishment at a fine of $750 and confinement for forty-five days. We affirm.

**FACTUAL SUMMARY**

Appellant filed a motion to suppress alleging that the arresting officer lacked probable cause to believe she had committed a traffic violation or reasonable suspicion that a crime was in progress. A Tarrant County Magistrate heard the motion to suppress.

Edgar Vidal, a police officer with the North Richland Hills Police Department, was on patrol at approximately 11:30 p.m. on November 28, 2009 when he saw a vehicle that was weaving within its lane. Vidal and the vehicle were traveling in the left lane of a multi-lane road. Vidal began following the vehicle and he observed it cross over into the adjacent lane to the right, but the driver, Appellant, did not activate the turn signal until after the vehicle had already entered the lane. Vidal turned on his emergency lights and stopped the vehicle because

Appellant had failed to signal her intent to change lanes and because Vidal suspected she was driving while intoxicated.[1] Vidal testified that he has received training to detect impairment in drivers. Weaving within a lane is one indicator that the driver may be intoxicated. Additionally, the commission of traffic violations is another indicator of possible intoxication. Another indicator of intoxication is activation of the turn signal after the driver has already begun to change lanes. Based on the time of day and the existence of these indicators, Vidal testified that he had a reasonable suspicion that Appellant was intoxicated. He also stopped her because of the traffic violation.

The trial court admitted State's Exhibit 2 which is a video recorded by the equipment in Vidal's patrol car. The video is consistent with Vidal's testimony in that it shows Appellant's vehicle traveling in front of Vidal's vehicle and weaving within the lane. Further, the video reflects that when Appellant changed into the adjacent lane, both the front and rear tires on the right side of her vehicle had already crossed over the lane marker and were completely in the adjacent lane before Appellant activated her turn signal.

The magistrate made written findings of fact and conclusions of law reflecting that the magistrate accepted Vidal's testimony as true because the magistrate found him to be a credible witness. The magistrate concluded that Vidal made a lawful traffic stop and lawfully detained Appellant based on the court's finding that Appellant violated Section 545.104(a) of the Transportation Code by failing to signal an intent to change lanes. The court additionally found that Vidal had reasonable suspicion that Appellant was an "impaired driver." The district court

---

[1] At the suppression hearing, the trial court did not permit the prosecutor to offer evidence that Appellant did not immediately stop after the officer turned on his emergency lights and she allegedly committed additional traffic offenses before being finally stopped. The record reflects that Appellant entered a plea of guilty to the class B offense of fleeing or attempting to elude police officer committed on November 28, 2009. *See* TEX.TRANSP.CODE ANN. § 545.421 (West 2011). The State has not raised an issue on appeal regarding the trial court's decision to limit the evidence. Consequently, we express no opinion on the issue.

adopted the magistrate's findings and denied the motion to suppress.

## PROBABLE CAUSE/REASONABLE SUSPICION

In her sole issue on appeal, Appellant contends that the trial court erred by denying her motion to suppress because the State failed to prove that she committed a traffic offense. She asserts that the evidence shows she activated her turn signal simultaneously with making the lane change.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). Under this standard, we afford almost total deference to the trial court's express or implied determination of historical facts and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review *de novo* the court's application of the law pertaining to search and seizure to those facts. *State v. Ross*, 32 S.W.3d 853, 856 (Tex.Crim.App. 2000); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000).

When the trial court makes findings of fact, as in this case, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports these fact findings. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex.Crim.App. 2006). We then review the trial court's legal ruling *de novo* unless the fact findings that are supported by the record are also dispositive of the legal ruling. *Id*. We must uphold the trial court's ruling if it is supported by the record and correct under any theory of the law applicable to the case. *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex.Crim.App. 2003).

A law enforcement officer may lawfully stop a motorist who commits a traffic violation in the officer's presence. *See Garcia v. State*, 827 S.W.2d 937, 944 (Tex.Crim.App. 1992);

TEX.CODE CRIM.PROC.ANN. art. 14.01(b)(West 2005)("A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."); TEX.TRANSP.CODE ANN. § 543.001 (West 2011)("Any peace officer may arrest without warrant a person found committing a violation of this subtitle."). The decision to stop an automobile is reasonable when an officer has probable cause to believe that a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996); *Walter v. State*, 28 S.W.3d 538, 542 (Tex.Crim.App. 2000).

Section 545.104 of the Transportation Code provides:

(a) An operator shall use the signal authorized by Section 545.106[2] to indicate an intention to turn, change lanes, or start from a parked position.

(b) An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn.

TEX.TRANSP.CODE ANN. § 545.104. The Transportation Code defines a "laned roadway" as a roadway that is divided into at least two clearly marked lanes for vehicular travel. TEX.TRANSP.CODE ANN. § 541.302(7)(West 2011). A lane change is defined as a "lateral maneuver moving the vehicle from one lane to another using proper space management procedures." *Mahaffey v. State*, 316 S.W.3d 633, 641 (Tex.Crim.App. 2010), *quoting* Texas Driver's Handbook at A-5.

Appellant argues that activating her turn signal while she was in the process of making the lane change is not a traffic violation. Section 545.104(b) requires that an intention to turn must be signaled for 100 feet before the turn, but it does not expressly state when an operator must begin signaling an intention to change lanes. The plain language of the statute requires an operator to signal an *intention* to change lanes. Common sense dictates that in order to signal an

---

[2] Section 545.106(a) provides for the use of hand and arm or signal lamp when an operator is required to give a stop or turn signal. TEX.TRANSP.CODE ANN. § 545.106(a).

intention to change lanes the signal must be given before the movement is initiated.  Once a person begins to change lanes, their intention is clear even without a signal.  The purpose of requiring an operator to signal her intent to change lanes is to give the other drivers on the road the opportunity to react, e.g., by reducing speed and applying the brakes to keep a safe distance until the movement is completed.  Activating a signal after the vehicle has already entered the adjacent lane, even partially, does not accomplish this purpose.  We conclude that Officer Vidal had probable cause to believe that Appellant had violated Section 545.104(a) by changing lanes without first signaling her intention to do so.  The trial court did not err by denying the motion to suppress.  We overrule Appellant's sole issue on appeal and affirm the judgment of the trial court.

May 30, 2012

_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)